```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,
                                              MEMORANDUM & ORDER
                                              00-CR-0523 (JS)
          -against-

KAHNAWAKE-MOHAWK INDUSTRIES, INC.,

                Defendant,
-------------------------------------X
APPEARANCES:
For United States:    Kathleen A. Nandan, Esq.
                      United States Attorney's Office
                      Eastern District of New York
                      271 Cadman Plaza East, 7th Floor
                      Brooklyn, NY 11201

For Rosewood          John Mikuszewski, pro se
Contracting Corp.,    Rosewood Contracting Corp.
                      88-43 76 Avenue
                      Glendale, NY 11385
```

SEYBERT, District Judge:

On January 30, 2009, pro se John Mikuszewski ("Mikuszewski") petitioned this Court on behalf of Rosewood Contracting Corp. ("Petitioner" or "Rosewood"), as its General Manager, for a hearing to adjudicate Rosewood's alleged interest in certain proceeds forfeited by Kahnawake-Mohawk Industries, Inc. ("Defendant" or "Mohawk") (Pet. 1, D.E. 21) pursuant to a Final Order of Forfeiture ("Final Order") by this Court. (Pet. 19, D.E. 21.) The government ("Plaintiff") claims that Rosewood is not entitled to this relief because its petition is untimely, under 21 U.S.C. § 853(n)(2). (Pl.'s Mem. Supp. 6, D.E. 28.)

For the following reasons, Rosewood's petition for a hearing is DENIED.

## BACKGROUND

On May 24, 2000 Mohawk plead guilty to violating 18 U.S.C. § 1956(h), conspiracy to launder monies constituting the proceeds of specific unlawful activity. (Pl.'s Mem. Supp. Ex. 3 at 15, Ex. 4 at 1, D.E. 29.) The Preliminary Order of Forfeiture ("Preliminary Order") stated that, as part of Mohawk's plea agreement, Mohawk agreed to forfeit, among other property, "all funds on deposit in any and all accounts maintained by the New York City Department of Design and Construction ("NYCDDC") and its general contractor JPM Contracting Corp. ("JPM") to perform the concrete curb and sidewalk work on . . . [the Bayside Project] for the sum of $1,457,892.50." (Pet. Attach. Order 20, D.E. 21.) Pursuant to 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 982, this Court ordered the United States Department of Treasury to publish notice of the forfeiture in a newspaper of general circulation in the area in which the forfeited property was located. (Pet. Attach. Order 21, D.E. 21.) Those claiming a legal interest in any of the forfeited property would have thirty days of the final publication of notice, or receipt of actual notice, whichever was earlier, to file a petition with this Court. (Id.) Notice of the forfeiture was published on

three occasions in the New York Post, the latest of which was on October 9, 2000. (Pl.'s Mem. Supp. Ex. 6, D.E. 29.)

On August 7, 2000, JPM sought to amend the Preliminary Order and requested a hearing to adjudicate its interest in some of the funds subject to forfeiture. (Pl.'s Mem. Supp. Ex. 7 at 1, D.E. 29.) Consequently, this Court entered a Second Order of Forfeiture ("Second Order") on April 01, 2002. (Pl.'s Mem. Supp. Ex. 7 at 1, D.E. 29.) Thereafter, the Final Order was entered on January 13, 2005. (Pl.'s Mem. Supp. Ex. 10, D.E. 29.) Four years later, on January 30, 2009, Rosewood commenced the current application seeking a hearing to adjudicate its interest in Mohawk's forfeited funds. (Pet. 1, D.E. 21.) Rosewood claims that part of the proceeds forfeited by Mohawk are monies owed and payable to JPM, and were not related to the Final Order. (Pet. 1, 4, D.E.21.) Per Rosewood, JPM and Rosewood have a silent joint venture partnership where Rosewood collects fifty percent of JPM's profits. (Id. at 1.) Consequently, Rosewood maintains that it is entitled to $322,593.91, or fifty percent of what is allegedly owed to JPM from the forfeited proceeds. (Id. at 4.)

## DISCUSSION

I. Rosewood's Petition Must Be Dismissed As Untimely

Rosewood petitions this Court for a hearing to

adjudicate its interest in certain property forfeited by Mohawk pursuant to a Final Order by this Court. (Pet. 1, D.E. 21.) The government claims that Rosewood is not entitled to this relief because the petition was filed well after the Court's thirty-day deadline for third party petitions concerning Mohawk's forfeited assets. (Pl.'s Mem. Supp. 6, D.E. 28.) The timeliness of Rosewood's request for an ancillary proceeding is governed by 21 U.S.C. § 853(n)(2).[1] Section 853(n)(2) states in relevant part:

> Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

21 U.S.C. § 853(n)(2).

---

[1] Ancillary proceedings in criminal forfeiture cases are also governed in part by the requirements of Federal Rule of Criminal Procedure 32.2. Under Rule 32.2, "[i]f the court orders the forfeiture of specific property, the government must publish notice of the order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding." FED. R. CRIM. P. 32.2(b)(6)(A). But, because a money judgment is not considered "specific property," actual notice was not required here. See United States v. Morrison, 656 F. Supp. 2d 338, 346 (E.D.N.Y. 2009). Additionally, the adequacy of notice via publication in this case is uncontested. Therefore, the Court only looks to 21 U.S.C. § 853(n)(2) to determine the timeliness of Rosewood's petition upon constructive notice of the forfeiture.

4

This Court gave third parties with a claimed interest in the forfeited property thirty days from the date of final publication of the forfeiture notice or from receipt of actual notice to file a petition with the Court for an ancillary proceeding. (Pet. 21, D.E. 21.) Notice of the forfeiture was published in the New York Post three times, with the last publication on October 9, 2000. (Pl.'s Mem. Supp. Ex. 6, D.E. 29.) Therefore, Rosewood's final opportunity to file a petition with this Court expired in November of 2000, at the very latest. Rosewood commenced the current application on January 30, 2009, about 8 years too late. (Pet. 1, D.E. 21.) Thus, Rosewood's petition is several years too late and must be DENIED.

## CONCLUSION

For the reasons stated above, Rosewood's petition for a hearing is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August 3, 2010
Central Islip, New York